**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| POLARIS POWERLED TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § | Civil Action No. 2:17-cv-00715-JRG |
| | § § | |
| v. | § § | **JURY TRIAL DEMANDED** |
| SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG DISPLAY CO., LTD., | § § § § | |
| Defendants. | § § | |

**PLAINTIFF'S SUR-REPLY TO DEFENDANTS'
MOTION TO DISMISS FOR LACK OF STANDING**

███████████

## <u>TABLE OF CONTENTS</u>

**Page**

I.  SUMMARY OF MATERIAL FACTS ................................................................................ 1

II. ARGUMENT ................................................................................................................... 4

    A.  Microsemi Cannot Dispose of, or Restrict Disposal of, the Patent. ........................... 5

    B.  There Is No Basis to Disregard Corporate Identity. .................................................. 9

    C.  There Is No Current Prudential Standing Defect. ..................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Acceleration Bay LLC v. Activision Blizzard, Inc.*,
No. 15-228-RGA, 2016 WL 3186890 (D. Del. June 3, 2016)...................................................4

*Alps South LLC v. Ohio Willow Wood Co.*,
787 F.3d 1379 (Fed. Cir. 2015)...........................................................................................10

*Clouding IP, LLC v. Google Inc.*,
61 F.Supp.3d 421 (D. Del. 2014)...........................................................................................4

*Diamond Coating Techs., LLC v. Hyundai Motor Am.*,
823 F.3d 615 (Fed Cir. 2016)..............................................................................................10

*Harco Nat'l Ins. Co. v. Green Farms, Inc.*, No. 1131, 1989 WL 110537 (D. Ch.
Sept. 19, 1989) ......................................................................................................................9

*In re Google Litig.*,
No. 08-03172 RMW, 2010 WL 5211545 (N.D. Cal. Dec. 16, 2010)......................................6

*IP Innovation, LLC v. Google, Inc.*,
661 F. Supp. 2d 659 (E.D. Tex. 2009)...................................................................................4

*Lucas v. Texas Indus., Inc.*, 696 S.W.2d 372 (Tex. 1984) .............................................................9

*Mentor H/S, Inc. v. Medical Device Alliance, Inc.*,
240 F.3d 1016 (Fed. Cir. 2001).........................................................................................10

*MobileMedia Ideas, LLC v. Apple Inc.*,
885 F. Supp. 2d 700 (D. Del. 2012)......................................................................................5

*Mobilemedia Ideas, LLC v. Research in Motion Ltd.*,
No. 11-cv-2353, 2013 WL 12124319 (N.D. Tex. June 18, 2013).......................................5, 6

*Nelson v. International Paint Co.*, 734 F.2d 1084 (5th Cir. 1984) ...................................................9

*Oasis Research, LLC v. Adrive, LLC*,
Cause No. 4:10-CV-435, 2013 WL 12146522 (E.D. Tex. Mar. 1, 2013) ...............................5

*Rutherlan Enterprises, Inc. v. Zettler Hardware*, 700 Fed. Appx. 398 (6th Cir.
June 21, 2017).......................................................................................................................9

*Software Rights Archive, LLC v. Google Inc.*, 2009 WL 901361 (E.D. Tex Mar.
31, 2009) .............................................................................................................................10

*Top Victory Elecs. Ltd. v. Hitachi Ltd.*,
  2010 WL 4722482 (N.D. Cal. Nov. 15, 2010) .........................................................................6

Plaintiff submits this Surreply to Samsung's Corrected Reply dated September 12, 2018. Samsung has not cited a single case where a court has found that plaintiff lacked standing based Samsung's theory. This is for very good reason - Samsung's theory is contrary to well-established corporate law and confuses ownership of stock in a company that owns patents with ownership of the patents. Samsung would require that every company that has an ownership interest in a company that owns a patent, or appoints a person to a board, must be named as a plaintiff because, according to Samsung, the patent-owning company would lack standing. Here, it is undisputed that ████████████████████████████████████████████████████████. Only Polaris has the legal power to do so. The fact that ████████████████████████ did not give it any legal rights in the Patent.

## I.   SUMMARY OF MATERIAL FACTS

Contrary to Samsung's recitation of the facts, the material facts for this motion are:

1.    Microsemi ██████████████████████████████████████ ████████████████████████████. Mot., Ex. D. Polaris has indisputably been the sole owner of the Patent at all times since before this case was filed on October 27, 2017. The Assignment Agreement was recorded with the U.S. Patent & Trademark Office. *Id*.

2.    Polaris had three owners when this suit was filed: ████████████████████ ████████████████████████████████████████████ Mot., Ex. E ████████████████ ████████████████████████████████████████████████████████████ ██████ *Id.* ████████

3.    Solely Polaris' board of managers functioning as a board, each manager having a fiduciary duty to Polaris, was authorized to make all management decisions on behalf of Polaris, including ████████████████████████████████████████████████████o



. Rather, only Polaris' board exercising fiduciary duties to Polaris had authority to sell the Patent. Ex. E ▮▮▮▮ . And, even if Polaris (the company) were to be sold to another entity, Polaris would continue to own the Patent. A company's ownership of stock in another company does not mean that it has legal title to the other company's patents. Similarly,

---

[1] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Samsung's argument at p.6 that class A shares facilitated Polaris not having to identify Microsemi in its Corporate Disclosure Statement is baseless, incorrect and irrelevant to standing.

███████████████████████ Polaris would still own the Patent, unless the Patent,

by a separate assignment, was assigned ███████████████

7.     ███████████████████████████████

███████████████████████████████████

███████████████████████████

█     ███████████████████████████

███████████████████████████████████

███████████████████████████████

████████████████████████████████████

██████████████████████████████████

███████████████████████

█     ███████████████████████████

████████████████████████████████████████

█████████████████████████████████████ █

████████████████████████████████

████████████████████████████████

█████████████████████████████████

██████████████████████████████████

█████████████████████████████████

---

[2] While Samsung continues - without any evidence - to mischaracterize Polaris' reasons for amending the Agreements, Polaris' reasons are irrelevant to standing. Polaris has - and has always had - prudential standing. ███████████████████████████

███████████████████████████████

████████████████████████████████████████████████ Ex. I, █████████████

█████████████████████████████████████████████████████.

## II.  ARGUMENT

Samsung ignores the difference between ownership of *equity*, and ownership of *assets*. Here, at the time the lawsuit was filed, ████████████████████████████████

███████████████████████████████████████████████████. Rather, Polaris owned the Patent. *See* Ex. E ████████████████████████████████

██████████████████████████ These facts defeat Samsung's theory that Microsemi has any right to control the sale or transfer **of the Patent.**

Contrary to Samsung's argument (Reply at 2-3), Polaris did not misconceive the "all substantial rights" test but appropriately analyzed the substantial rights transferred to Polaris (Opp. at 16-19) and considered any rights retained by or granted back to Microsemi. (*Id.* at 19-26.) Importantly, Polaris had the sole right to sue. Ex. D at 1; Ex. C ████████████████ "The right to sue for infringement has been found to be 'particularly dispositive' in deciding whether a party has standing to sue." *IP Innovation, LLC v. Google, Inc.*, 661 F. Supp. 2d 659, 664 (E.D. Tex. 2009). In addressing Polaris' response to the easily distinguishable *Clouding IP* and *Acceleration Bay* cases[3], Samsung attempts to revive its argument that Microsemi granted a mere license to Polaris. (Reply at 6.) The *Acceleration Bay* and *Clouding IP* cases are inapposite and irrelevant on the facts here. There, the assignment agreements themselves contained clauses wherein the assignor expressly retained legal rights in the patents, including the legal right to

---

[3] The facts are distinctly different than those cited in *Clouding* and *Acceleration Bay*. ██████
████████████████████████████████████████████████████████████████████████
████████ Compare *Clouding IP, LLC v. Google Inc.*, 61 F.Supp.3d 421 (D. Del. 2014); *Acceleration Bay LLC v. Activision Blizzard*, *Inc.,* No. 15-228-RGA, 2016 WL 3186890 (D. Del. June 3, 2016).

assert the patents. *Acceleration Bay*, 2016 WL 3186890 at *3-4; *Clouding IP*, 61 F.Supp.3d at 433-436. ███████████████████████████████████████████████████

███████████████████████████████████████████████████ Rather,

Samsung is incorrectly arguing ████████████████████████████████████████

█████████████████████████████████ is a legal right in the Patent. This is

unsupported by any legal authority.

    Upon a proper reading of the ████████████████████████████████

█████████████████████████████████████████████████████████

████████████████████████████████████ These limited rights are

not determinative and do not deprive Polaris of standing. *See Mobilemedia Ideas, LLC v.*

*Research in Motion Ltd.*, No. 11-cv-2353-N, 2013 WL 12124319, at *4 (N.D. Tex. June 18,

2013) ████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████

**A.**     **Microsemi Cannot Dispose of, or Restrict Disposal of, the Patent.**

    By intent or misunderstanding, Samsung batters corporate law. ████████████████

████████ has no impact on ownership **of the Patent**, and yet, is Samsung's primary argument

████████████████████████████ Perhaps realizing that this argument fails,

Samsung now introduces a new request to the Court to pierce the corporate veil of Polaris to

reach Microsemi ██████████████████████████████ Not only is raising this argument

for the first time on reply improper, it also fails.

*First,* the ███████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████ Even if someone owns 100% of the stock, they do not

have legal title to the assets. For example, if a person owns stock in Apple, they don't have legal

title to Apple's patents. Under basic corporate law, the purchase of stock does not give one legal

title to patents. Samsung's argument ignores bedrock principles of corporate law.

Only Polaris' three-person board of managers, each having fiduciary duties to Polaris,

had authority to sell or transfer the Patent. *Id.* at ███████████████████████████████

██████████████████████████████████████████████████████

███████ *Id.* And, even if Polaris (the company) were to be sold to another entity, Polaris would

continue to own, and its board would continue to control, the Patent. "That a corporate parent's

subsidiary owns a patent is not enough to establish that the parent has rights in the subsidiary's

patents." *Top Victory Elecs. Ltd. v. Hitachi Ltd.*, 2010 WL 4722482, at *3 (N.D. Cal. Nov. 15,

2010) (internal citations omitted). Similarly, ██████████████ were to acquire Polaris, Polaris

still owns the Patent. Even if an entity controls a corporation that owns patents, that does not

mean those entities owning or controlling the corporation own substantial rights in the

corporation's patents. Those rights belong to the corporation itself. *See Mobilemedia,* 2013 WL

12124319, *3; *In re Google Litig.*, No. 08-03172, 2010 WL 5211545, at *3 (N.D. Cal. Dec. 16,

2010). Significantly, if Polaris is sold ████████████ the Patent is not assigned, ██████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████ Ex. E

██████ .

Samsung wrongly implies the ████████████████████████████████████

████████████████████████████████████████ (Reply at 4.)

However, what that provision actually states is that ████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████ .

(Reply at 4.) Rather, ████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████ Ex. E, ██████████████ respectively.

Samsung's argument (Reply p.4) that ████████████████████████████████

████████████████████████████████████████████████████████████████████

is baseless and wrong. None of the cited provisions support that ████████████████

████████████████████████████████████████ The agreements transferred to Polaris ██

██████████████ (Ex. D at 1; Ex. C ██ ; Ex. E ████ .) Further, ████████████

██████████████ since before this case was filed.

*Second,* Samsung's theory that ████████████████████████████████████████

████████████████████████████████████ (Reply at 3) also fails,

ignoring that ████████████████████████████████████ . Under Samsung's

theory, ████████████████████████████████████████████

---

█ ████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████ But Samsung states this out of context - █████████

████████████████████████████████ board. Ex. E ██████. This is clear and

undisputable. ████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████. *Id.*

In addition, Samsung incorrectly argues that ███████████████████████████

████████████nearly every substantive action taken by Polaris, including assertion of the

'117 patent in litigation (or settlement of any such litigation) and any sale/transfer of the '117

patent." (Reply at 1.) However, the █████████████████████████████████████

████████████████████████████████████████████████

████████████████████████ Samsung's argument fails to recognize that the

managers on Polaris' board ████████████████████████████████████

██████████████████████████████        ████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████

[5] Samsung argues ██████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

**B.      There Is No Basis to Disregard Corporate Identity.**

Samsung asks this Court to disregard Polaris' corporate identity, without any support for such a request. (Reply at 6-9); *Nelson v. International Paint Co.*, 734 F.2d 1084, 1091–93 (5th Cir. 1984) (listing factors used in alter ego analysis). The control necessary is not mere majority or complete stock control but a totality of the circumstances including domination of finances, policies and practices that the controlled corporation has, so to speak, no separate mind, will or existence of its own and is but a business conduit for its principal. Thus, 100% ownership and identity of directors and officers are, even together, an insufficient basis for applying the alter ego theory to pierce the corporate veil. *Id.* at 1092.

Factors tending to show that two entities are operating as a single economic unit include: (1) undercapitalization; (2) solvency; (3) whether dividends were paid, corporate records kept, officers and directors functioned properly, and other corporate formalities were observed; (4) siphoning of corporate funds; and (5) whether the corporation functioned as a façade for the dominant shareholder. *Harco Nat'l Ins. Co. v. Green Farms, Inc.*, No. 1131, 1989 WL 110537, *4 (D. Ch. Sept. 19, 1989). None of these factors are present here. Samsung doesn't even attempt to argue, nor can it, that Polaris ███████████████████████████████████
████████████ (Reply at 8-9); *see Lucas v. Texas Indus., Inc.*, 696 S.W.2d 372, 374 (Tex. 1984) (explaining underfunding or undercapitalization is an important consideration, as an indication that a company is a mere conduit or business tool). Instead, Samsung claims corporate formalities have not been observed because Polaris lacks meeting minutes. (Reply at 8.) This does not lead to a finding that a company did not follow corporate formalities. *See Rutherlan Enterprises, Inc. v. Zettler Hardware*, 700 Fed. Appx. 398, 403-404 (6th Cir. June 21, 2017) (affirming finding of lack of evidence of alter ego). "[P]ersuading a Delaware court to disregard

the corporate entity is a difficult task" and "[i]t is only the exceptional case where a court will disregard the corporate form…." *Software Rights Archive, LLC v. Google Inc.,* 2009 WL 901361, at *6 (E.D. Tex. Mar. 31, 2009). Samsung is unable to show *any* of the factors that Polaris ███████████████████████████████████████████████████████████ ████████████████████.

### C.   There Is No Current Prudential Standing Defect.

Samsung does not dispute that any alleged prudential standing defects have, in fact, been cured ███████████████████████████. (Opp. at 27.) Instead, Samsung suggests that the ███████████████████████████████████████████████████████████ in an attempt to apply *Alps South* to the facts here. (Reply at 9-10). But, the ███████████████ ███████████████████████████████████████ For this reason alone, Samsung's reliance on *Alps South*, *Enzo*, and *Diamond Coating* is unavailing. Samsung also does not dispute the remaining factual differences between the cases. (Opp. at 28.) █████████████ ███████████████████████████████████████████████████████████ ███████████████████████████ In *Alps South*, the amended license agreement affected the exclusive license from the patent owner to the plaintiff licensee by eliminating limitations on the plaintiff licensee's rights and removing certain rights retained by the patent owner. 787 F.3d at 1381. Here, t███████████████████████████████████████ ███████████████████████████████████████████

---

[6] Samsung attempts to distinguish *Mentor H/S* on the grounds that the Federal Circuit, and not the parties, had discerned a prudential standing issue. (Reply at 9-10); *Mentor H/S, Inc. v. Med. Device Alliance, Inc*., 240 F.3d 1016 (Fed. Cir. 2001). This fact is irrelevant and makes no difference. The holding of *Mentor H/S* is clear: jurisdictional defects can be cured. 240 F.3d at 1019. Here, there were no standing issues, and those Samsung conjures are no longer.

Dated: September 17, 2018                   Respectfully submitted,

                                     By: */s/ Deron R. Dacus*
                                         Deron R. Dacus

                                         **The Dacus Firm, P.C.**
                                         Deron R. Dacus
                                         ddacus@dacusfirm.com
                                         821 ESE Loop 323
                                         Suite 430
                                         Tyler, TX 75701
                                         Telephone: (903) 705-7233
                                         Facsimile: (903) 581-2543

                                         *Attorneys for Plaintiff Polaris PowerLED*
                                         *Technologies, LLC*


Of Counsel:

Robert F. Kramer
CA Bar No. 181706 (Admitted E.D. Texas)
Email: robert.kramer@dentons.com
Russell S. Tonkovich
CA Bar No. 233280 (Admitted E.D. Texas)
Email: russell.tonkovitch@dentons.com
Kenneth Jenq
CA Bar No. 266024 (Admitted E.D. Texas)
Email: kennth.jenq@dentons.com
DENTONS US, LLP
1530 Page Mill Road, Suite 200
Palo Alto, CA 94304-1125
Telephone: (650) 798-0300
Facsimile: (650) 798-0310

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service, on this 17th day of September, 2018.

By: */s/ Deron R. Dacus*
        Deron R. Dacus

## <u>CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL</u>

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this matter. (Dkt. 58)

*Deron R. Dacus*
        Deron R. Dacus