# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| POLARIS POWERLED TECHNOLOGIES, LLC, | ) ) ) |
| Plaintiff, | ) Civil Action No. 2:17-cv-00715-JRG ) ) |
| v. | ) ) **JURY TRIAL DEMANDED** |
| SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG DISPLAY CO., LTD., | ) ) ) ) ) |
| Defendants. | ) |

# DEFENDANTS' SUR-REPLY IN SUPPORT OF RESPONSE AND OBJECTION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**TABLE OF CONTENTS**

A.   Dr. Balakrishnan's Declaration Presented a New Infringement Opinion. ........................ 1

B.   Samsung Correctly States "Configured to" Precedent. ......................................................... 2

C.   Dr. Hobbs' Television Opinions Rely on Correct "Configured to" Precedent and Dr. Balakrishnan's Expert Report. ....................................................................................... 3

D.   Dr. Balakrishnan Does Not Opine that Multiplication Occurs in PAC Phones Before ███████████████. ............................................................................................ 3

E.   Dr. Hobbs' Opinions Regarding "Picture Off" Are Legally Proper. ................................. 4

F.   Polaris Improperly Moved to Strike Dr. Hobbs' Opinions. ................................................ 4

G.   Polaris' ██-Based Marking Argument Presents a New Ground. ..................................... 4

H.   Polaris' ██████ Argument Relies On Disputed Factual Issues. ..................................... 5

I.   Samsung's Implied License Theory Applies. ....................................................................... 5

J.   Admissible Evidence Shows the ████████████ Was Published Prior Art. ............... 5

A.  **Dr. Balakrishnan's Declaration Presented a New Infringement Opinion.**

In his expert report on infringement, Dr. Balakrishnan unambiguously opined that ■

■    In particular, his report states that: ■

■ *see* Dkt. 235-4 (Balakrishnan Rep.) ¶¶ 71, 91, 193, 227, 262, 614, 648, 682, 714, 746, 773; ■

■ *id.* ¶¶ 71, 91, 191, 194, 227, 263; ■

■ *id.* ¶¶ 594, 624, 658, 692, 724, 756, 784 (emphases added).[1]

Because Dr. Balakrishnan's theory is that ■

■ *Id.*

Polaris now argues that Dr. Balakrishnan's declaration supports a different and contradictory theory: that ■

■ Dkt. 265 ("Reply") at 3. Respectfully, this theory is at odds with the opinions in Dr. Balakrishnan's report set forth above, and should be stricken by the Court because it was not disclosed in Dr. Balakrishnan's report, as previously explained by Samsung. *See* Dkt. 287 at 2 n.3. Polaris claims that this new opinion can be gleaned from various excerpts from the original report, but those excerpts only state that ■

---

[1] Polaris now claims that Dr. Balakrishnan's opinions in these paragraphs (594, 624, 658, 692, 724, 756, 784) were directed to ■ Reply at 1. But this is inconsistent with the opinions in Dr. Balakrishnan's report for two reasons. First, Dr. Balakrishnan ■ variable, Dkt. 235-4 (Balakrishnan Rep.) ¶¶ 71, 91, 193, 227, 262, 614, 648, 682, 714, 746, 773, ■, Reply at 1 ■ Second, ■

1

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

████████████████████████████████████████ Dkt. 235-4 at ¶ 237. And while Polaris contends that Dr. Balakrishnan opined that the accused televisions meet the "selectively" limitation because ███████████████████████████████, Reply at 1, the portions of Dr. Balakrishnan's report cited by Polaris, *id.*, are discussing a *different* portion of the claim—the phrase "selective ambient light correction" in the preamble. Dkt. 235-4 at ¶¶ 580, 607, 641, 675, 707, 739, 768. Dr. Balakrishnan's only opinion for the limitation "selectively generate a combined signal" was that ████████████████████████████████████████████████ as explained above.

B.  **Samsung Correctly States "Configured to" Precedent**

Rather than seeking a new construction of "configured," Samsung urges that the plain meaning of that term be given its full effect. Polaris continues to rest its argument on cases addressing capability claims, under the incorrect theory that the distinction the Federal Circuit has drawn between capability claims and configuration claims may be disregarded for claims that read on software. As explained in Samsung's response brief, no such rule can be found in any of the Federal Circuit cases upon which Polaris relies. The recent *Core Wireless* case does not help Polaris. As explained in Samsung's reply brief regarding its motion for summary judgment of non-infringement of PAC phones, that case turned on an unrelated issue, namely, whether "a claim requiring receipt of a signal 'once' should be construed to require that 'one and only one' such signal be received." Dkt. 260 at 3–4; *see Core Wireless Licensing S.A.R.L. v. Apple Inc.*, 899 F.3d 1356, 1362 (Fed. Cir. 2018). The issue here is whether the accused devices are configured to selectively multiply at all, not whether they must be configured to only selectively multiply.

Polaris argues that *Ameranth* supports its position, but that case rejects Polaris' theory that "configured to" "require[s] only that the claimed feature be included in the software." *Ameranth,*

*Inc. v. Genesis Gaming Sols., Inc.*, No. SACV 11-0189, 2014 WL 12577148, at *5–6 (C.D. Cal. Aug. 4, 2014). While that court also held that the phrase "configured to allow" in the particular claim at issue in *Ameranth* was a broader term that could cover mere capability, the same is not true of the limitation at issue here, as has been discussed in Samsung's response brief as well as Samsung's briefing regarding its own summary judgment motion related to the "configured to" issue. *See* Dkt. 232 at 5–9; Dkt. 195 at 9–11; Dkt. 260. In the present case, "configured to selectively generate a combined signal" requires a multiplier configured so that the combined signal can be selectively generated—***not*** merely a system capable of being put into such a configuration.

C. **Dr. Hobbs' Television Opinions Rely on Correct "Configured to" Precedent and Dr. Balakrishnan's Expert Report.**

As explained above, Samsung's understanding of the term "configured to" is proper. Dr. Hobbs properly relied on the opinions of Dr. Balakrishnan described above that ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; it is undisputed that Energy Saving is off as the televisions are sold. Polaris' reliance on *Versata* is misplaced; Polaris quotes and relies on the portion of that case concerning a capability claim, not a "configured to" claim. *See Versata Software, Inc. v. SAP Am., Inc.*, 717 F.3d 1255, 1259–63 (Fed. Cir. 2013).

D. **Dr. Balakrishnan Does Not Opine that Multiplication Occurs in PAC Phones Before** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

There is no dispute that before PAC phones can ▮▮▮▮▮▮▮▮ that Polaris accuses of "generat[ing] a combined signal," i.e., "the product of the user signal and the sensing signal," Dkt. 138 at 21, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Dkt. 232 at 10–11; Dkt. 260 at 2. Polaris argues that the phones come equipped with ▮▮▮▮▮▮▮▮▮▮, but this does not change the fact that the phone is not in a configuration that allows for the accused

3

selective multiplication to occur until after ▮▮▮▮▮▮▮▮▮▮.[2] Polaris cites to paragraph 357 of Dr. Balakrishnan's report, but, as previously explained, that paragraph does not state the new theory of "selectively" that Polaris now argues, *see* Dkt. 235-4 (Balakrishnan Rep.) ¶ 357, and, in any event, that theory cannot be squared with the plain meaning of the claim terms.

**E.  Dr. Hobbs' Opinions Regarding "Picture Off" Are Legally Proper.**

Samsung is not arguing that "Picture Off" is a "non-infringing mode of operation." Rather, Samsung has come forward with evidence that no brightness control signal is generated that is "*maintained* above a predetermined level when the ambient light level decreases to approximately zero." Dkt. 196-11 ('117 Patent) at 12:38–43 (emphasis added). Dr. Hobbs has shown that when the "Picture Off" setting is selected, the televisions do not "maintain[]" a brightness control signal above a predetermined level and the screen brightness actually reduces to zero. The jury should be allowed to hear this testimony, particularly where the patent describes the purpose of the dark level bias as "prevent[ing] a user from using the brightness control circuit to turn off a visual information display system." *Id.* at 5:41–43.

**F.  Polaris Improperly Moved to Strike Dr. Hobbs' Opinions.**

Samsung disagrees that Polaris raised "alternative remedies," such as striking Dr. Hobbs' opinions on the "configured to" limitation, Reply at 6–7, before bringing this motion. *See* Dkt. 232-4 (Mar. 27, 2019 Ltr. from A. Brewster). Polaris' request to strike should have been included in its 15-page motion to strike other opinions in Dr. Hobbs' report (Dkt. 201).

**G.  Polaris' ▮▮▮ Based Marking Argument Presents a New Ground.**

---

[2] Samsung stated in its response brief, Dkt. 232, that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *id.* at 11. Instead of ▮▮▮▮▮▮▮▮▮ this should have read ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮."

4

Polaris did not move for summary judgment on Samsung's marking defense as to ▮ products; this new ground may not be raised for the first time in reply. *See, e.g.*, *Nearstar, Inc. v. Waggoner*, 2011 WL 817374, at *4 (E.D. Tex. Mar. 2, 2011). As to the merits, Samsung has met its burden, having identified admissions by the inventor that support this defense. On this record Polaris at most raises disputed factual issues properly left to the jury. *See* Reply at 7 n.7.

**H.     Polaris' ▮▮▮ Argument Relies On Disputed Factual Issues.**

As explained in Samsung's response, Dkt. 232, Samsung has identified evidence sufficient to show that the LX1970 was used in the ▮▮▮, Reply at 7 n.8. Polaris' arguments thus at most raise disputed issues of fact.

**I.     Samsung's Implied License Theory Applies.**

The five-element test articulated in *Wang* and adopted by this Court in *Mass Engineered* does not require that the licensee knew of the patent. Indeed, in *Wang* the Federal Circuit stated that "Wang [the patent owner] never informed Mitsubishi [the licensee] of its patent applications, patents, or of any intent to execute a license or receive royalties" until over a year after the patents issued. *Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc.*, 103 F.3d 1571, 1575–76 (Fed. Cir. 1997). Polaris relies on *Winbond*, but that case is inapplicable as it does not apply or even cite *Wang*'s five-element test. *See Winbond Elecs. Corp. v. ITC*, 262 F.3d 1363, 1374–75 (Fed. Cir. 2001).

**J.     Admissible Evidence Shows the ▮▮▮ Was Published Prior Art.**

Polaris argues that "Samsung has not shown by clear and convincing evidence that the ▮▮▮ was public prior art before February 9, 2004." Reply at 8. But Samsung's response identified significant, admissible evidence that the ▮▮▮ was published prior to the filing date of the '117 patent. *See* Dkt. 232 at 18. The evidence presented would be sufficient to sustain a jury finding that the reference was public. The ultimate decision should be left to the jury.

5

Dated: April 29, 2019

Respectfully submitted,

*/s/ Ranganath Sudarshan*
Ranganath Sudarshan (rsudarshan@cov.com)
George Pappas (gpappas@cov.com)
Grant Johnson (gjohnson@cov.com)
Kevin Richards (krichards@cov.com)
Richard Rothman (rrothman@cov.com)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-6000
Fax: (202) 662-6291

Robert T. Haslam (rhaslam@cov.com)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Phone: (650) 632-4700
Fax: (650) 632-4800

Philip A. Irwin (pirwin@cov.com)
Matthew B. Phelps (mphelps@cov.com)
Jennifer D. Cieluch (jcieluch@cov.com)
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, New York 10018-1405
Phone: (212) 841-1178
Fax: (212) 841-1010

Leonard E. Davis
ldavis@fr.com
FISH & RICHARDSON P.C.
1717 Main Street
Suite 5000
Dallas, TX 75201
Phone: (214) 747-5070
Fax: (214) 747-2091

Melissa R. Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Phone: (903) 934-8450
Fax: (903) 934-9257

**COUNSEL FOR DEFENDANTS SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG DISPLAY CO., LTD.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via electronic mail and the Court's CM/ECF system per Local Rule CV-5(a)(3) this April 29, 2019.

*/s/ Ranganath Sudarshan*
Ranganath Sudarshan

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this matter.

*/s/ Ranganath Sudarshan*
Ranganath Sudarshan