# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| POLARIS POWERLED TECHNOLOGIES, LLC, | § § § § § | |
| Plaintiff, | | |
| v. | § § | CIVIL ACTION NO. 2:17-CV-00715-JRG |
| SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD., SAMSUNG DISPLAY CO., LTD., | § § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Polaris PowerLED Technologies LLC's ("Polaris") objection to the preadmission of exhibit DX 63, proffered by Defendants Samsung Electronics America, Inc., Samsung Electronics Co., Ltd., and Samsung Display Co., Ltd. (collectively, "Samsung"). (*See* Dkt. No. 335.) Having considered the parties' arguments and for the reasons set forth herein, the Court overrules Polaris's objection and finds that DX 63 should be and hereby is **PREADMITTED** pursuant to Federal Rule of Evidence ("FRE") 807.

## I. Background

Polaris accuses Samsung of infringing U.S. Patent No. 8,223,117 (the "'117 Patent"). (Dkt. No. 18.) Samsung, among other defenses, asserts that the Garmin GTX327 transponder is prior art that invalidates the '117 Patent. (Dkt. No. 322, at 12.) The Garmin GTX327 is a transponder designed to be installed in aircraft that allows the aircraft to communicate with ground radar. Samsung's expert, Dr. Philip C.D. Hobbs, examined and tested a model of the GTX327

transponder to determine that, in his opinion, it renders the '117 Patent invalid. (Dkt. No. 201-3, Part XII.B.)

Samsung seeks to establish that the particular transponder that Dr. Hobbs examined (the "Tested Device"), which was originally purchased in 2003 and sold to Dr. Hobbs in 2018, is an authentic and unaltered model of the Garmin GTX327. In support of this, Samsung seeks to preadmit DX 63, which contains pages of the maintenance records of the aircraft into which the Tested Device was installed (the "Maintenance Log"). The Maintenance Log shows the date on which the Tested Device was installed in the aircraft and the date on which it was removed, after which it was sold to Dr. Hobbs. Federal Aviation Regulations require that the Maintenance Log be accurately maintained and transferred to any subsequent purchaser of the aircraft. This particular aircraft was sold, and the Maintenance Log transferred, between the time when the Tested Device was installed and when it was removed and sold to Dr. Hobbs.

**II.     Legal Standard**

In patent cases, regional circuit law is applied to evidentiary issues. *VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1324 (Fed. Cir. 2014).

FRE 807, the residual exception to the rule against hearsay, allows hearsay statements to be admitted, even when not specifically covered by a hearsay exception in FRE 803 or 804, if:

(1) the statement has equivalent circumstantial guarantees of trustworthiness;
(2) it is offered as evidence of a material fact;
(3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
(4) admitting it will best serve the purposes of these rules and the interests of justice.

Fed. R. Evid. 807(a).

"Although Rule 807 contemplates the consideration of multiple factors, the 'lodestar of the residual hearsay exception analysis' is on the 'equivalent circumstantial guarantees of trustworthiness' requirement." *United States v. Saguil*, 600 F. App'x 945, 946 (5th Cir. 2015)

(quoting *United States v. El–Mezain*, 664 F.3d 467, 498 (5th Cir. 2011)). District courts have "considerable discretion" in applying the residual exception. *Id.* (quoting *United States v. Loalza-Vasquez*, 735 F.2d 153, 157 (5th Cir. 1984)).

**III.    Discussion**

The Court finds that each of the factors relevant to the residual exception analysis is met.

A. <u>Equivalent Circumstantial Guarantees of Trustworthiness</u>

The Maintenance Log has equivalent circumstantial guarantees of trustworthiness. Such logs are required to be maintained by federal regulation. Individuals who perform maintenance on an aircraft are required to make an entry in the aircraft's maintenance record specifying the work performed, date completed, name of the person performing the work, and a signature of the person approving the work. 14 C.F.R. § 43.9(a). The registered owner or operator of the aircraft is required to maintain these records, *id.* § 91.417, and to transfer such records to a subsequent purchaser of the aircraft, *id.* § 91.419. Failure to comply with these regulations could result in a civil penalty of up to $50,000 assessed by the Federal Aviation Administration ("FAA").[1] *Id.* § 13.18; *see also* 49 U.S.C. § 46301(d). This regulated method of creating and maintaining maintenance records enforced by the FAA constitutes equivalent, if not more substantial, circumstantial guarantees of trustworthiness as those provided by the enumerated hearsay exceptions. *See Saguil*, 600 F. App'x at 947 (finding that manufacturer's inscriptions have "equivalent guarantees of trustworthiness" under the residual exception where "such inscriptions are required by law . . . and false designations . . . give rise to civil liability").

---

[1] If the violation is committed by a person other than an individual or a small business concern, the penalty is up to $400,000. 49 U.S.C. § 46301(d).

B.  Evidence of a Material Fact

The Maintenance Log is offered as evidence of a material fact, namely whether the Tested Device was maintained in its original state since its initial purchase. The Maintenance Log is circumstantial evidence that the Tested Device was unaltered from the time of its installation shortly after purchase until the time it was removed and ultimately sold to Dr. Hobbs. Whether the Tested Device is an authentic and unmodified version of the GTX 327 is central to Samsung's argument that the GTX327 constitutes invalidating prior art. (Dkt. No. 343 at 52:18–54:10.)

C.  More Probative Than Other Evidence

The Maintenance Log is more probative of the issue of the Tested Device's authenticity than any other evidence Samsung can obtain through reasonable efforts. The Court previously ordered the parties to seek the depositions of William Dickenson, Chip Parker, and any other prior custodians who might have information relevant to the authenticity of the Tested Device and the Maintenance Log. (Dkt. No. 338.) The parties have been unable to do so despite reasonable efforts. (*See* Dkt. No. 344.) Moreover, it is not clear that the memories of a custodian regarding records created up to 16 years ago would be more reliable, and thus more probative, than the contemporaneous records maintained in the Maintenance Log.

D.  The Purposes of the Rules and the Interests of Justice

Preadmission of the Maintenance Log would best serve the purposes of the rules of evidence and the interests of justice. The residual exception "was designed to protect the integrity of the specifically enumerated [hearsay] exceptions by providing the courts with the flexibility necessary to address unanticipated situations and to facilitate the basic purpose of the Rules: ascertainment of the truth and fair adjudication of controversies." *Dartez v. Fibreboard Corp.*, 765 F.2d 456, 462 (5th Cir. 1985). Consistent with this purpose the Court does not stretch the

enumerated exceptions, such as the business record or public record exceptions, of which the Maintenance Log is a close approximation.[2] Rather, the Court finds that the Maintenance Log is probative of a material fact and contains sufficient indicia of authenticity to aid in the "ascertainment of the truth and fair adjudication of" the controversy at hand, and therefore that its admission under the residual exception is appropriate.

Preadmitting the Maintenance Log also serves the interests of justice by allowing Samsung evidence to establish a key component of its invalidity case—whether the GTX327, as tested by Dr. Hobbs, invalidates the '117 Patent. This invalidity argument relies upon the Tested Device being an authentic representation of the GTX327. Evidence of the Tested Device's authenticity is particularly important because the Court has already excluded evidence of the source code of the GTX327, which was obtained after the close of fact discovery but which would have provided an independent basis for Samsung's invalidity argument. The Court excluded the source code in part because Polaris argued that Samsung had already done testing on a model of the GTX327 and thus the source code would have been "merely cumulative" and Samsung was "not prejudiced by not having" the source code. (Dkt. No. 330, at 32:3–16.) If Samsung is unable to proffer evidence of the Tested Device's authenticity, then the source code evidence would not be "merely cumulative" of the transponder's testing and Samsung would indeed be prejudiced by its exclusion. Therefore, allowing Samsung to establish the authenticity of the Tested Device serves the interests of justice.

---

[2] The Maintenance Log likely qualifies as a record "kept in the course of a regularly conducted activity of a[n] . . . occupation, or calling, whether or not for profit." Fed. R. Evid. 803(6)(B). However, the Maintenance Log has been transferred between multiple owners, and thus, no custodian can testify that it has been kept throughout its life in a manner required by FRE 803(6). *See* Fed. R. Evid. 803(6)(D). Additionally, while the Maintenance Log was created and kept pursuant to regulations from the Federal Aviation Administration, it is not a record *of* that public office. *See* Fed. R. Evid. 803(8).

### E. Mr. Dickenson's Declaration and The Pilot's Guide Are Not Preadmitted

The pages of the Maintenance Log that Samsung seeks to admit are attached to a declaration of Mr. Dickenson, the current owner of the aircraft into which the Tested Device was installed. The declaration seeks to authenticate the Maintenance Log, but also includes additional factual information such as when Mr. Dickenson purchased the aircraft and when he removed the Tested Device. This information is hearsay without any equivalent circumstantial guarantees of trustworthiness. Accordingly, Mr. Dickenson's declaration itself is excluded. However, Dr. Hobbs may testify about the Maintenance Log and the Tested Device within the scope of his expert report and as a lay witness to the extent he has personal knowledge of the Maintenance Log and the Tested Device.

DX 63 also includes a copy of the pilot's guide that accompanied the Tested Device. To the extent this pamphlet aided Dr. Hobbs' testing of the Tested Device, Dr. Hobbs may discuss portions of the pamphlet within the scope of his report. Fed. R. Evid. 803(18). However, the pamphlet itself is not admitted as an exhibit. *Id.*

### IV. Conclusion

For the reasons set forth herein, the Court finds that DX 63, excluding Mr. Dickenson's declaration and the pilot's guide, should be and hereby is **PREADMITTED**.

**So Ordered this**
**Jun 14, 2019**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE